IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE J. McDONALD, IDOC # B42547, )
                                                      )
                Plaintiff,          )
                                                      )
vs.                                                 )    CIVIL NO. 12-11-GPM
                                                      )
MAGID FAHIM, et al.,               )
                                                      )
                Defendants.        )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On February 6, 2012, the Court dismissed this action, a suit brought pursuant to 42 U.S.C. § 1983 by Plaintiff Maurice J. McDonald, a prisoner in the custody of the Illinois Department of Corrections who currently is incarcerated in the Menard Correctional Center ("Menard"), for alleged violations of McDonald's civil rights by persons acting under color of state law. The Court found that, on three or more prior occasions, McDonald, while incarcerated or detained, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, so that McDonald has lost the privilege to proceed in forma pauperis ("IFP") in federal court. *See* 28 U.S.C. § 1915(g). *See also McDonald v. Payne*, Civil No. 08-921-DRH (S.D. Ill. July 27, 2009) (order dismissing an action brought by McDonald while a prisoner as failing to state a claim upon which relief can be granted); *McDonald v. Feinerman*, Civil No. 08-395-GPM (S.D. Ill. Mar. 12, 2009) (same); *McDonald v. Porter*, Civil No. 08-342-GPM (S.D. Ill. Feb. 20, 2009) (order dismissing action brought by McDonald while a prisoner as frivolous). The Court also found that neither McDonald's complaint nor his motion for leave to proceed IFP in this case showed that McDonald is under imminent

danger of serious physical injury so as to be able to proceed IFP in federal court despite his three "strikes." *See* 28 U.S.C. § 1915(g). Thus, when McDonald failed to tender the $350 filing fee for this case as ordered, the Court dismissed the case; judgment on the Court's dismissal of the case was entered on February 6, 2012. *See* Doc. 5; Doc. 6.

On February 22, 2012, McDonald's notice of appeal from the Court's dismissal of this case was docketed, together with a motion for reconsideration of the dismissal (Doc. 10). In general, a motion brought by a litigant within twenty-eight days of the entry of a judgment seeking reconsideration of matters decided on the merits, such as a manifest error of law or fact, is deemed to be a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008). As McDonald's motion for reconsideration was filed within twenty-eight days of entry of the Court's judgment in this case and appears to assert a manifest error of law or fact by the Court, the Court construes the motion as brought under Rule 59(e). Ordinarily, of course, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). However, if a party files a timely motion for reconsideration of a judgment under Rule 59(e), the time to appeal "runs . . . from the entry of the order disposing of the last such remaining motion[.]" Fed. R. App. P. 4(a)(4)(A). Said differently, where, as here, a timely Rule 59(e) motion has been filed, "[a] notice of appeal filed before [a Rule 59(e)] motion[ ] ha[s] been decided is premature and ineffective, but it matures and becomes effective to appeal the underlying judgment once the order deciding the motion[ ] is entered." *Clark v. Nelson*, No. 93-3391-SAC, 1996 WL 699691, at *1 (D. Kan. Oct. 30, 1996). *See also*

*Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (a timely Rule 59(e) motion tolls the running of the thirty-day appeal period and requires a new notice of appeal following entry of an order disposing of the motion). A Rule 59(e) motion is proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A decision on a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). "[A] Rule 59(e) motion is not properly utilized . . . to advance arguments or theories that could and should have been made before the district court rendered a judgment[.]" *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (quotation omitted). Also, Rule 59(e) motions are not favored, because true manifest errors of law and fact "rarely arise" and "the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

In a case in which a prisoner who is "struck out" under 28 U.S.C. § 1915(g) seeks leave to proceed IFP on the grounds that he or she is under imminent danger of serious physical injury, "the existence of the danger and therefore the applicability of the imminent-danger exception to the 'three strikes' rule are determined when the suit is filed." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1174 (7th Cir. 2010). *See also Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)) ("The 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'"). In his complaint, McDonald alleged merely that he had

suffered a "heart attack" as a result of "medical malpractice" on the part of medical staff at Menard. Doc. 1 at 4. In his motion for leave to proceed IFP, McDonald made no allegations of imminent danger at all.[1] Obviously, alleged medical malpractice by prison officials does not state a claim for deliberate indifference to a prisoner's serious medical needs, in violation of he Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ( "Mere negligence or even gross negligence does not constitute deliberate indifference."). Moreover, to meet the imminent danger requirement of Section 1915(g), "[a]llegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Here McDonald's complaint alleges at most a past harm, that is, a heart attack. McDonald's Rule 59(e) motion asserts that McDonald suffers from a severe heart condition and that medical personnel at Menard have engaged in "continuing ongoing violation of valid medical permits." Doc. 10 at 4. However, these allegations were not included in McDonald's complaint or IFP motion and, as noted, a Rule 59(e) motion is not the place to raise for the first time arguments that could have been raised before judgment. Also, "conclusory" claims of imminent danger are "routinely" denied by courts. *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010). McDonald's conclusory allegations that fail to "associate specific defendants with specific claims" do not establish imminent danger. *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). The Court finds no error in the dismissal of this case.

---

1. The Court notes that neither in McDonald's complaint nor in his motion for leave to proceed IFP did McDonald disclose his previous "strikes." A plaintiff's failure accurately to disclose his or her litigation history, including prior "strikes," is grounds for dismissal of a suit. *See, e.g., Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).

To conclude, it is hereby **ORDERED** that McDonald's Rule 59(e) motion to alter or amend the Court's judgment in this case (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 29, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge